ROTAN GROCERY COMPANY v. MARTIN & ROGERS ET AL.

Motion No. 942.   Decided April 24, 1902.

Writ of Error—Remanded Case—Overruling Decision.

Where the jurisdiction of the Supreme Court over a reversed and remanded case depends on the overruling of its own decision by a court of civil appeals (Revised Statutes, articles 941, 942, 943), the writ is granted only when error is found in the judgment. (Pp. 437, 438.)

Motion for rehearing of an application for writ of error to the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*A. C. Prendergast,* for petitioner.

GAINES, CHIEF JUSTICE.—This is a motion for a rehearing of an application for a writ of error. The applicant obtained a judgment in the trial court, which judgment was reversed by the Court of Civil Appeals and the cause was remanded. In order to show jurisdiction in this

court, the applicant alleged in his petition for the writ of error that the decision of the court of civil appeals overruled its own decision upon the same point on a previous appeal in the same case, and also that it was in conflict with certain decisions of other Courts of Civil Appeals and of the Supreme Court. On the latter appeal, the Court of Civil Appeals expressly overruled its decision upon the former appeal, and this, in our opinion, gave us jurisdiction of the application. But we also concluded that the petition pointed out no error in the decision which it sought to review, and therefore refused the writ.

The contention in the motion for a rehearing is that since the judgment of the Court of Civil Appeals reversed the judgment and remanded the cause, and since we had jurisdiction of the case, it was our duty to grant the writ, although we should be of opinion that there was no error in the rulings of the Court of Civil Appeals. We do not concur in this proposition. Article 941, Revised Statutes, defines the instances in which this court has jurisdiction of reversed and remanded cases, but it does not declare that we shall grant a writ of error in every case of that character over which we may have jurisdiction. Article 942 provides the method of procedure in making an application for a writ of error; article 943 prescribes the duty of this court when the application is presented in the following terms: "If it shall appear to the Supreme Court, from an inspection of the petition and record, that there is error in said judgment of the courts of civil appeals, it shall grant a writ of error, returnable in thirty days, in such manner as may be prescribed by said court." When the court finds no error, it is its duty to refuse the writ, except in a reversed and remanded cause, when the opinion of the Court of Civil Appeals "practically settles the case," and it is so averred in the petition for the writ. The amended subdivision 8 of article 941 prescribed that, "When the judgment of the Court of Civil Appeals reversing a judgment practically settles the case, and this fact is shown in the petition for writ of error, and the attorneys for petitioners shall state that the decision of the Court of Civil Appeals practically settles the case, in which case, if the Supreme Court affirms the decision of the Court of Civil Appeals, it shall also render final judgment accordingly." When we came to construe the amendment, our conclusion was that in such a case, in order to render a final judgment, it was necessary to grant the writ so that we should have the whole case before us. No such necessity exists where we have jurisdiction merely by reason of a conflict of decision, and no reason is apparent why we should grant a writ of error where there is no error and where our ruling would be merely to affirm that of the intermediate court.

The motion is overruled.

*Motion overruled.*